STATE OF MISSOURI, Appellant, v. RILEY LEWIS, Respondent.

Kansas City Court of Appeals, May 2, 1910.

DRAMSHOPS: Local Option: Winegrowers. The adoption of the Local Option Law suspends the provisions of the dramshop article *in toto,* and the provision of the dramshop article which permits a winegrower to sell wine on his own premises does not permit him to make such sale after the adoption of the Local Option Law.

Appeal from Sullivan Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*Wilson & Clapp* for appellant.

*Jas. P. Painter* for respondent.

BROADDUS, P. J.—The defendant was tried and convicted on a charge of violating the Local Option Law, which was admitted to have been adopted and in force in Sullivan county, at the time of its alleged violation.

The evidence showed that defendant made a sale of wine of his own manufacture from grapes grown and sold upon his premises in the year of 1908. The wine was alleged and proved to be an intoxicating liquor. The evidence we think sufficiently showed that it was sold within one year prior to the date of the information. The case was submitted to the court without the intervention of a jury.

The defendant asked the following declaration of law:

"If the court finds from the evidence that the defendant was a winegrower and that the wine sold was of his own production and was sold on his own premises, then the court will find the defendant not guilty."

The court refused the declaration.

It will thus be seen that defendant bases his defense on the ground, that, notwithstanding the operation of the Local Option Law, which was in force in the county, under the circumstances he had the right to sell wine manufactured from grapes grown on his own premises.

Chapter 56, Revised Statutes 1889, is entitled, "Dramshops and Local Option," and is composed of two articles: Article I, Dramshops; article II, Local Option.

It is provided in section 4594, that nothing contained in Article I, shall be construed to affect the right of winegrowers to sell wine of their own production in any quantity on their own premises. Said article I, was

repealed and a new provision substituted therefor by an act of the Legislature approved April 20, 1891. [Acts of 1891, p. 132.] The Act is entitled, "Dramshops—License—Original Packages. An act to regulate the sale of intoxicating liquors in the original package or otherwise."

Section 1 reads, "A dramshop keeper is a person permitted by law, being licensed according to the provisions of *this chapter,* to sell intoxicating liquors in any quantity either at retail or in the original package, not exceeding ten gallons."

Section 25 of the act provides, that, *"This chapter* shall not be construed so as to affect the right of a merchant to sell intoxicating liquors according to the provisions of the law regulating the licensing and taxation of merchants, nor as affecting the right of winegrowers to sell wine of their own production in any quantity on their own premises." The italics of the words *"this chapter"* are ours, it being the contention of the defendant that the amendment has reference also to article II, which is included in the revision of 1889 under the head of chapter 56, with that of article I; and that the effect of the amendatory law of 1891, was an amendment of the Local Option Law as well as the Dramshop Law; and that thereby winegrowers were exempted from the operation of the latter. In other words the two articles are to be construed as one.

The revision of 1899, contains three articles, *viz.*: Article I, Dramshops; article II, Excise Commissioners; article III, Local Option; and are all included under chapter 22. In section 3015—article on Dramshops—merchants and winegrowers are exempted from the provisions of "the article" instead of "this chapter."

The position of defendant is that chapter 22, was compiled, arranged and published by the committee on revision; and that none of its articles is a revised bill;

and that the committee had no legislative power conferred on it and that the change in the phraseology from "this chapter" to "this article" was unauthorized.

Conceding that the change in said phraseology was unauthorized and that the words "this chapter" instead of "this article" is the true reading of the law we do not see how it could affect the question. Because a winegrower was not required to have a license to sell his wine under the provisions of the chapter it does not follow as a logical conclusion that he could sell his wine under the provisions of the Local Option Law. The prohibition reads as follows, "It shall not be lawful for any person within the limits of such county . . . to directly or indirectly sell, give away or barter in any manner whatever, any kind of intoxicating liquors as beverages containing alcohol in any quantity whatever, under the penalties hereinafter prescribed." [Section 3032.] The exceptions are provided for in section 3034, viz.: When sold for sacramental purposes, and sales by druggists of pure alcohol for medicinal and mechanical purposes.

To carry defendant's contention to its logical conclusion dramshop keepers could sell because they had a license and winegrowers because they were not required to have a license under the provisions of section 3014 and 3015 of article I. The local option article would thus be neutralized because of the existence of article I, regulating dramshops.

The adoption of the Local Option Law by the county of Sullivan had the effect of suspending the provisions of the dramshop article, in toto, and forbidding the sale of intoxicating liquors in all instances except where used for sacramental purposes, and pure alcohol for medicinal, art, scientific, and mechanical purposes. Finding no error in the case, it is affirmed. All concur.